IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRYAN KENNETH KELLY                                                                                PLAINTIFF

v.                                          Civil No. 09-5234

DR. HOWARD                                                                                         DEFENDANT

## MEMORANDUM OPINION

This is a civil rights action brought pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before me on the consent of the parties (Doc. 11).

Plaintiff is currently incarcerated in the Benton Unit of the Arkansas Department of Correction (ADC). The events that are the subject of this action occurred while Plaintiff was incarcerated in the Washington County Detention Center (WCDC) from August 25, 2009, to December 17, 2009, when he was transferred to the ADC. Plaintiff's claims his constitutional rights were violated by Dr. Howard when Plaintiff was denied treatment for a hernia.

Defendant has filed a motion for summary judgment (Docs. 25, 26 & 27). To assist Plaintiff in responding to the summary judgment motion, a questionnaire was prepared (Doc. 31). On August 16, 2011, Plaintiff filed his response to the questionnaire (Doc. 32). The motion is now ready for decision.

### 1. Background

On August 25, 2009, Plaintiff was sentenced to a period of incarceration and booked into the WCDC. *Plaintiff's Response* (hereinafter *Resp.*) at ¶ 1; *Defendant's Exhibit* (hereinafter *Deft's Ex.*) 1 pgs. 1-5. As part of the booking process, Plaintiff completed a medical questionnaire. *Deft's Ex.* 5; *Resp.* at ¶ 3(A). Plaintiff indicated that he had a possible hernia. *Id.*

He alleges he first noticed the possible hernia when he was asked to squat and cough twice during booking. (Doc. 1 at pg. 5); *Resp.* at ¶ 3(B). For this reason, Plaintiff did not seek treatment for the hernia prior to his being booked into the WCDC. *Resp.* at ¶ 3(C).

On September 11th, Plaintiff submitted a medical request form indicating that he believed his hernia was getting larger and it was hurting. *Resp.* at ¶ 4. Plaintiff was seen by Dr. Howard on September 15th. *Id.* at ¶ 5(A). Dr. Howard concluded Plaintiff had a left inguinal hernia. *Id.* In Dr. Howard's opinion, the hernia did not need immediate repair. *Id.* Plaintiff was advised not to do any heavy lifting. *Id.* at ¶ 5(B). Dr. Howard indicated he would follow the situation to see how it progressed. *Id.* at ¶ 5(B). No follow-up occurred. *Id.* at ¶ 5(C).

Between September 12th and September 26th, Plaintiff was prescribed, and received, 200 mg. of ibuprofen. *Resp.* at ¶ 6. On October 8th, Plaintiff submitted a grievance complaining that he had a hernia and had been told by Dr. Howard that Washington County would not do anything about it. *Id.* at ¶ 7(A). Plaintiff wrote: "If I am ADC committed I suggest that I be taken where I can receive medical treatment promptly for my condition before it becomes worse." *Id.* at ¶ 7(B). C.R. Bradley responded: "Will send ADC paperwork." *Id.* There is no indication the "ADC" paperwork, presumably a request for authorization for treatment for the hernia, was submitted or, if it was submitted, what the response was.

Between September 15th, when he was seen by Dr. Howard, and October 8th, when he submitted the grievance, Plaintiff maintains his hernia became longer and he experienced increasing pain when he used the restroom. *Resp.* at ¶ 7(D). He states he had to "apply pressure to the hernia while I passed my stool because it was bulging out." *Id.* During this time frame, he did not complete any additional medical request forms. *Id.*

AO72A
(Rev. 8/82)

Plaintiff maintains Washington County had a policy or practice of refusing treatment and not doing follow-up visits. *Resp.* at ¶ 10. Plaintiff also indicates that he received only fourteen days worth of Ibuprofen although he was at the facility for nearly three months. *Id.*

Plaintiff was transferred to the ADC on December 17, 2009. *Resp.* at ¶ 8. The ADC has not treated his hernia. *Id.* at ¶ 9.

### 2. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, the Court cannot weigh the evidence or resolve disputed issues of fact in favor of the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

"[A] disputed fact alone will not defeat summary judgment, rather there must be a genuine issue of material fact. To be material, a fact must affect the outcome of the suit under the governing law." Torgerson v. City of Rochester, 643 F.3d 1031, 1052 (8th Cir. 2011)(internal quotation marks and citations omitted).

### 3. Discussion

Defendant maintains he is entitled to judgment in his favor for the following reasons: first, there is no evidence of deliberate indifference on his part to Plaintiff's serious medical needs; second, he argues Plaintiff can offer no proof of any actual physical injury. Each argument will be addressed in turn.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." County of Sacramento v. Lewis, 523 U.S. 833, 851(1998)(citation omitted). "Deliberate indifference to an inmate's serious medical needs violates the Eighth

AO72A
(Rev. 8/82)

Amendment as applied to the States by the Fourteenth Amendment." Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2007). In this circuit it is now settled law that deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates, whether in pretrial or convicted status, adequate medical care. See Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). "For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Popoalii v. Correctional Medical Services, 512 F.3d 488, 498 (8th Cir. 2008).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

The Defendant's summary judgment motion is premised on the single fact that he did not believe the hernia needed immediate repair when he saw the Plaintiff on September 15, 2009.

AO72A
(Rev. 8/82)

*Deft's Ex.* 3. Dr. Howard does not indicate what the standard treatment is for inguinal hernias, whether the hernia was reducible, or whether it was strangulated.[1] Dr. Howard did indicate that follow-up was necessary to see how the hernia progressed. *Id.* No follow-up was done. See Jones v. Johnson, 781 F.2d 769, 771-72 (9th Cir. 1986)(recognizing that a painful hernia constitutes a serious medical need requiring treatment).

Furthermore, in response to Plaintiff's October 8th grievance, he was told the ADC paperwork would be sent. *Deft's Ex.* 6 at pg. 2. The record contains no indication of whether the paperwork was sent in or what occurred in response to the October 8th grievance. When these facts are considered in conjunction with Plaintiff's assertion that Dr. Howard said the County would not do anything about the hernia, I believe, on the record before me, that there are genuine issues of material fact that preclude summary judgment in Defendant's favor.

### 4. Conclusion

For the reasons stated, Defendant's motion for summary judgment (Doc. 25) will be denied by a separate order entered this same day.

DATED this 29th day of August 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] "Standard medical treatment for a reducible hernia would be pain relief, as well as monitoring, and just generally, you know, precautions, safety precautions as far as lifting goes." Winslow v. Prison Health Services, 406 Fed. Appx. 671, 675-76, 2011 WL 167280, 4 (3d Cir. 2011).